**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**

| | | |
|---|---|---|
| **THOMAS J. BONENFANT** | : | **CASE NO:** 1:09 C V 840 |
| **a/k/a TOM J. BONENFANT** | | |
| **3746 North Berkley Circle** | | |
| **Cincinnati, Ohio 45236** | | |
| | | |
| **Plaintiff** | : | **COMPLAINT WITH** |
| | | **JURY DEMAND** |
| **V** | | |
| | | SPIEGEL, J. |
| **MIDLAND FUNDING L.L.C.** | | |
| **Serve Registered Agent:** | | |
| **William R. Ritchey** | | |
| **674 Oberlin Elyria Rd.** | | |
| **Elyria, Ohio 44035** | | |
| | | |
| **And** | | |
| | | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | | |
| **Serve Registered Agent:** | | |
| **CSC Lawyers Incorporating Service** | | |
| **50 West Broad Street, Suite 1800** | | |
| **Columbus, Ohio 43215** | | |

**Defendants**

Comes now the Plaintiff, through counsel, and for his Complaint against the above named

Defendants, states as follows:

1

## INTRODUCTION

1. This is a complaint seeking damages for violations of 15 U.S.C. 1692, *et seq.*, damages for violations of O.R.C. 1319.12, and damages for injuries relating to common law claims.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 as there is a Federal Question, and parallel State Law claims.

## CLAIMS AGAINST MIDLAND FUNDING L.L.C.

**Count One**

3. Plaintiff is a resident of Hamilton County, Ohio.

4. Plaintiff is a consumer as defined by 15 U.S.C. 1692(3).

5. The alleged debt is a consumer debt as defined by 15 U.S.C. 1692(5).

6. Midland Funding L.L.C. is a debt collector as defined by 15 U.S.C. 1692(6).

7. On February 9, 2009 Midland Funding L.L.C. filed the civil action known as *Midland Funding L.L.C. v Tom J. Bonenfant,* case number 09CV3357, in the Hamilton County Municipal Court, naming him as the defendant. During the process of discovery Midland Funding, L.L.C. voluntarily dismissed its complaint without prejudice.

8. The complaint alleged that Midland Funding L.L.C. acquired a credit card account from Citibank/Radio Shack and was its owner.

9. The account did not actually exist, or Plaintiff was not the obligor of the account, or the limitations period for bringing suit on the account had expired prior to the filing of the suit.

2

10. By filing suit on an account which did not exist, and/or by improperly identifying Plaintiff as the obligor, and/or by filing suit to collect a debt beyond the limitations period for doing so, Midland Funding L.L.C. made false, deceptive and misleading representations to Plaintiff as prohibited by 15 U.S.C. 1692e.

11. By filing suit on an account which did not exist, and/or by improperly identifying Plaintiff as the obligor, and/or by filing suit to collect a debt beyond the limitations period for doing so, Midland Funding L.L.C. committed unfair practices as prohibited by 15 U.S.C. 1692f(1).

12. The false, deceptive, misleading and unfair acts of Midland Funding L.L.C. caused Plaintiff to suffer financial loss, emotional harm, and damage to his reputation.

**Count Two**

13. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

14. Midland Funding L.L.C. is a collection agency as defined by ORC 1319.12.

15. By failing to adhere to the requirements of 15 U.S.C. 1692 *et seq.,* Midland Funding L.L.C. violated O.R.C. 1319.12, causing the Plaintiff to incur financial loss, emotional harm and damage to his reputation.

**Count Three**

16. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

17. By filing suit against the Plaintiff as described in paragraph 7 above to collect a debt which did not exist, and/or by improperly identifying Plaintiff as the obligor, and/or by filing suit to collect a debt beyond the limitations period for doing so, Midland Funding L.L.C. improperly utilized the civil process and/or maliciously prosecuted an action against Plaintiff, causing him financial loss, emotional harm and damage to reputation.

**Count Four**

18. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

19. By filing suit on an account which did not exist, and/or by improperly identifying Plaintiff as the obligor, and/or by filing suit to collect a debt beyond the limitations period for doing so, Midland Funding L.L.C. published to third parties false, deceptive and misleading statements about the Plaintiff which it knew or should have known were false, deceptive and misleading, causing him financial loss, emotional harm and damage to his reputation.

**Count Five**

20. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

21. Midland Funding L.L.C. files multiple suits across the nation. Many of these suits involve accounts for which the limitations period for legal enforcement have expired. Midland Funding L.L.C. is or has been the defendant or counterclaim defendant in numerous actions regarding its attempts to judicially enforce debts for which the limitations period have expired. Midland Funding, L.L.C. is well aware of its risks in so violating the provisions of 15 U.S.C. 1692 *et seq.* Obviously, it has made a business decision that the funds collected from debts for which the limitations period has expired exceeds funds paid in judgments, settlements and costs to defend. Midland Funding L.L.C. has policies and procedures in place allowing suit on accounts for which the limitations period has expired. It knows that filing suit to collect a debt beyond the applicable limitations period violates 15 U.S.C. 1692, *et seq.* and harms consumers, yet it does so anyway. Its actions are callous and are designed to inflict harm on others. Plaintiff is entitled to an award of punitive damages against Midland Funding L.L.C

4

## CLAIMS AGAINST MIDLAND CREDIT MANAGEMENT, INC.

**Count Six**

22. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

23. Plaintiff is a consumer as defined by 15 U.S.C. 1692(3).

24. The alleged debt is a consumer debt as defined by 15 U.S.C. 1692(5).

25. Midland Credit Management, Inc. is a debt collector as defined by 15 U.S.C. 1692(6).

26. On July 25, 2009 Midland Credit Management, Inc. transmitted a collection letter to the Plaintiff at his home address. A copy of the letter is attached as Exhibit "1".

27. The letter was transmitted to the Plaintiff directly notwithstanding Midland Credit Management, Inc.'s knowledge that Plaintiff was represented by counsel.

28. The letter demands payment of the account identified in paragraph 8 above.

29. The letter also states that Midland Credit Management, Inc. is the "servicer" of the account.

30. The letter does not adequately set forth language as required by 15 U.S.C. 1692g(a)(4) and (5).

31. By transmitting the letter to Plaintiff on an account which did not exist, and/or by improperly identifying Plaintiff as the obligor, and/or by attempting to collect a debt beyond the limitations period for doing so, Midland Credit Management, Inc. made false, deceptive and misleading representations to Plaintiff as prohibited by 15 U.S.C. 1692e.

32. By transmitting the letter to the Plaintiff directly when it knew Plaintiff was represented by counsel who had entered an appearance in the court case identified in paragraph 7 above, Midland Credit Management, Inc. violated 15 U.S.C. 1692c(a)(2).

33. The letter identified as Exhibit "1" identifies Midland Credit Management, Inc. as the "servicer" of the debt. Midland Funding L.L.C. filed suit on the same debt. The letter identified as Exhibit"1"is a deceptive form prohibited by 15 U.S.C. 1692j.

34. The false, deceptive, misleading and unfair acts of Midland Credit Management, Inc. as described in paragraphs 26 through 33 caused Plaintiff to suffer financial loss, emotional harm, and damage to his reputation.

**Count Seven**

35. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

36. Midland Credit Management, Inc. is a collection agency as defined by ORC 1319.12.

37. By failing to adhere to the requirements of 15 U.S.C. 1692 *et seq.,* Midland Credit Management, Inc. violated O.R.C. 1319.12, causing the Plaintiff to incur financial loss, emotional harm and damage to his reputation.

**Count Eight**

38. Plaintiff reiterates and reaffirms the allegations set forth above as if set forth herein.

39. Midland Credit Management, Inc. transmits collection letters to multiple consumers across the nation. Many of these collection letters involve accounts for which the limitations period for legal enforcement have expired. Midland Credit Management, Inc. is or has been the defendant or counterclaim defendant in numerous actions regarding its attempts to collect debts for which the limitations period have expired. Midland Credit Management, Inc. is well aware of its risks in so violating the provisions of 15 U.S.C. 1692 *et seq.* Obviously, it has made a business decision that the funds collected from debts for which the limitations period has expired exceeds the funds paid in judgments, settlements and costs to defend. Midland Credit Management, Inc. has policies and

6

procedures in place allowing collection letters to be transmitted to consumers on accounts for which the limitations period has expired. It knows that attempting suit to collect a debt beyond the applicable limitations period violates 15 U.S.C. 1692, *et seq.* and harms consumers, yet it does so anyway. Its actions are callous and are designed to inflict harm on others. Plaintiff is entitled to an award of punitive damages against Midland Credit Management, Inc.

40. Midland Credit Management, Inc. transmits collection letters to multiple consumers across the nation. Many of these collection letters are transmitted directly to consumers who Midland Credit Management, Inc. knows are represented by counsel. Midland Credit Management, Inc. is or has been the defendant or counterclaim defendant in numerous actions regarding its direct communications with consumers who it knows are represented by counsel. Midland Credit Management, Inc. is well aware of its risks in so violating the provisions of 15 U.S.C. 1692 *et seq.* Obviously, it has made a business decision that the funds collected from consumers who are represented by counsel but are contacted directly out-number funds paid in judgments, settlements and costs to defend. Midland Credit Management, Inc. has policies and procedures in place allowing direct communication with consumers who are represented by counsel. It knows that direct communication with a consumer who is represented by counsel violates 15 U.S.C.1692, *et seq.* and harms consumers, yet it does so anyway. Its actions are callous and are designed to inflict harm on others. Plaintiff is entitled to an award of punitive damages against Midland Credit Management, Inc.

**Wherefore**, Plaintiff prays the Court as follows:

1. For trial by jury.

2. For an award of prejudgment interest against both defendants.

3. For Judgment against Midland Funding L.L.C. awarding him the statutory amount of $1000 for each of the two violations of 15 U.S.C. 1692 *et seq.* as described in paragraphs 7 through 11 of his Complaint.

4. For Judgment against Midland Funding L.L.C. in an amount undetermined amount not less than $50,000 pursuant to paragraph 12 of his Complaint.

5. For Judgment against Midland Funding L.L.C. in an undetermined amount not less than $50,000 pursuant to paragraph 15 of his Complaint.

6. For Judgment against Midland Funding L.L.C. in an undetermined amount not less than $50,000 pursuant to paragraph 17 of his Complaint.

7. For Judgment against Midland Funding L.L.C. in an undetermined amount not less than $50,000 pursuant to paragraph 19 of his Complaint.

8. For an award of punitive damages against Midland Funding L.L.C in the amount of $100,000.

9. For an award of his reasonable attorney fees and costs against Midland Funding L.L.C.

10. For any other relief to which he appears entitled against Midland Funding L.L.C.

11. For judgment against Midland Credit Management, Inc. awarding him the statutory amount of $1000 for each of the four violations of 15 U.S.C. 1692 *et seq.* as described in paragraphs 30 through 33 of his Complaint.

12. For Judgment against Midland Credit Management, Inc. in an undetermined amount not less than $50,000 pursuant to paragraph 37 of his Complaint.

13. For an award of punitive damages against Midland Credit Management, Inc. in the amount of $100,000.

14. For an award of his reasonable attorney fees and costs against Midland Credit
    Management, Inc.

15. For any other relief to which he appears entitled against Midland Credit Management,
    Inc.

Brian E. Chapman (0039826)
Trial Attorney for Plaintiff
510 Washington Avenue
Newport, Kentucky 41071
859-380-9843 telephone
859-491-5331 fax
brianchapmanlaw@fuse.net

9